IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

AYMA MARTINEZ LLERANDI,

Petitioner,

vs.

WARDEN, LINCOLN COUNTY JAIL, and U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

8:26-CV-328

ORDER

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The Court will deny the petition.

The petitioner is a citizen of Cuba who entered the United States on February 15, 2014 through the Miami, Florida port of entry. Filing 7 at 3. He was paroled by an immigration officer as "CP (Parolee Public Interest)." Filing 17 at 3. On December 21, 2025, he was arrested in Hamilton County, Nebraska for driving on a suspended license. Filing 7 at 3. On December 23, he was arrested by ICE following release from the county jail, served with an administrative warrant, and issued a notice to appear. Filing 7 at 3-4; filing 7-2; filing 7-3. He has been detained since. An immigration judge ordered the petitioner removed from the United States and he reserved appeal. Filing 7 at 4; filing 7-1. The petitioner's order of removal is now final. Filing 11.

Because the petitioner is subject to a now-final order of removal, he must be detained pursuant to 8 U.S.C. § 1231(a)(2)(A). Pursuant to § 1231(a)(2)(A), the petitioner's detention is mandatory for at least 90 days, after which time

he "may be detained" or may be released under terms of supervision.[1] *Le v. Warden, McCook ICE Det. Ctr.*, No. 4:26-CV-3041, 2026 WL 1078883, at *2 (D. Neb. Apr. 21, 2026) (citing § 1231(a)(6)). The petitioner would only be entitled to release if, after the presumptively reasonable six-month period to effect removal, there is no significant likelihood of removal in the reasonably foreseeable future.[2] *See Codina*, 283 F. App'x at 433 (citing *Zadvydas*, 533 U.S. 678); *see also Clark v. Martinez*, 543 U.S. 371, 386-87 (2005). But at this point, the petitioner's continued detention is consistent with due process.

Dated this 23rd day of July, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge

---

[1] The petitioner suggests that the Court should consider his total detention, not just the detention since the removal clock started running when his order of removal became final. Filing 1 at 12. But it's clear that the final order of removal starts that clock running for purposes of due process, *see Codina v. Chertoff*, 283 F. App'x 432, 433 (8th Cir. 2008) (citing *Zadvydas v. Davis,* 533 U.S. 678 (2001)), and it's equally clear that due process is not offended by detention while deportation proceedings are pending, *see Banyee v. Garland*, 115 F.4th 928, 933 (8th Cir. 2024) (citing *Demore v. Kim*, 538 U.S. 510 (2003)).

[2] The Court notes the government's representation that it is pursuing repatriation to Cuba and Mexico, and while Cuba has refused repatriation, Mexico has not (yet). Filing 7 at 4. The Court is aware that aliens may be removed to countries other than their country of origin. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 536 (2021). (citing § 1231(b)(2)). The Court is less certain that there would be a "significant likelihood of removal in the reasonably foreseeable future" if the petitioner couldn't be returned to his country of origin, just because there exists another country on Earth that hasn't yet affirmatively refused him.